IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 422-114-5 |
| | * |
| TONY HELDORE | * |

**O R D E R**

On August 10, 2023, the Honorable R. Stan Baker sentenced Defendant Tony Heldore to imprisonment for 35 months upon his guilty plea on the lesser included offense of conspiracy to possess with intent to distribute and to distribute a detectable amount of cocaine and marihuana. On January 29, 2024, Judge Baker reduced the term of imprisonment to 28 months based upon Amendment 821 to the United States Sentencing Guidelines. Recently, the case was reassigned to the undersigned judge.

On August 16 and September 17, 2024, the Court received two hand-written letters from Defendant addressed to Judge Baker. The Clerk of Court docketed the letters as motions for compassionate release. To be sure, Defendant states that he wishes to be compassionately released or placed on house arrest because he did not receive the time credit he expected toward his federal sentence and because his mother has been very ill. The Government has fully responded to the "motions."

Upon consideration of Defendant's letters and adopting the reasons that relief may not be granted as set forth in the Government's response, the Court hereby **DENIES** Defendant Heldore's

motions for sentence reduction. (Docs. 270 & 276.) Defendant's motions fall well short of demonstrating an extraordinary and compelling reason to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Moreover, matters of credit for time served or other length of sentence determinations are better directed to the federal Bureau of Prisons ("BOP") and not this Court. Any judicial challenge to the BOP's decision must be brought under 28 U.S.C. § 2241 and is subject to administrative exhaustion requirements. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("The [administrative] exhaustion requirement is still a requirement, it's just not a jurisdictional one."); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (noting that to properly exhaust administrative remedies, a § 2241 petitioner must comply with the BOP's deadlines and procedural rules).[1]

**ORDER ENTERED** at Augusta, Georgia, this 4th day of November, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] For administrative purposes, the Clerk is directed to **TERMINATE** the pending motion for leave of absence (doc. 255) filed on June 4, 2024.

2